Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000132
30-MAY-2017
08:03 AM

NO. CAAP-16-0000132

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RYAN-SETH KIAHA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1053)


SUMMARY DISPOSITION ORDER
(By: Leonard and Reifurth, JJ.;
and Nakamura, C.J., concurring and dissenting)

Defendant-Appellant Ryan-Seth Kiaha (**Kiaha**) appeals from the February 3, 2016 Judgment of Conviction and Sentence (**Judgment**) filed in the Circuit Court of the First Circuit (**Circuit Court**).[1]  Following a jury trial, Kiaha was convicted of two counts of Ownership or Possession Prohibited [of any Firearm or Ammunition by a Person Convicted of Certain Crimes] (Counts 2 and 3), under Hawaii Revised Statutes (**HRS**) § 134-7(b) and (h) (2011) (**Felon in Possession**).[2]  The Circuit Court sentenced Kiaha

---

[1]     The Honorable Dexter D. Del Rosario presided.

[2]     HRS § 134-7 states, in relevant part:

    **§ 134-7   Ownership or possession prohibited, when; penalty. . . .**

                                                (continued...)

to concurrent terms of incarceration, each ten years, for Counts 2 and 3.

On appeal, Kiaha raises three points of error, contending that the Circuit Court's jury instructions were prejudicially insufficient, erroneous, inconsistent, or misleading because the Circuit Court declined Kiaha's requests for jury instructions for a mistake of fact defense, for a defense based on HRS § 134-11 (2011), and for a defense of entrapment, as provided in HRS § 702-237 (2014).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kiaha's points of error as follows:

The Hawai'i Supreme Court "has consistently held that a defendant is entitled to an instruction on every defense or theory of defense having any support in the evidence, provided such evidence would support the consideration of that issue by the jury, no matter how weak, inconclusive, or unsatisfactory the evidence may be." State v. Locquiao, 100 Hawai'i 195, 205, 58 P.3d 1242, 1252 (2002) (citations and quotation marks omitted). However, "where evidentiary support for an asserted defense, or

---

[2](...continued)
> (b)  No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.
>
> . . . .
>
> (h)  Any person violating subsection (a) or (b) shall be guilty of a class C felony; provided that any felon violating subsection (b) shall be guilty of a class B felony.

for any of its essential components, is clearly lacking, it would not be error for the trial court to refuse to charge on the issue or to instruct the jury not to consider it." State v. Sawyer, 88 Hawai'i 325, 333, 966 P.2d 637, 645 (1998) (citation and brackets omitted).

(1)    HRS § 702-218 (2014) sets forth the mistake of fact defense as follows:

> **§ 702-218    Ignorance or mistake as a defense.**    In any prosecution for an offense, it is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if:
>
> (1)    The ignorance or mistake negatives the state of mind required to establish an element of the offense; or
> (2)    The law defining the offense or a law related thereto provides that the state of mind established by such ignorance or mistake constitutes a defense.

Kiaha was convicted of committing two counts of Felon in Possession, under HRS § 134-7(b), which states in relevant part that "[n]o person who . . . has been convicted in this State or elsewhere of having committed a felony . . . shall own, possess, or control any firearm or ammunition therefor." Pursuant to HRS § 702-204 (2014), "[w]hen the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly." HRS § 134-7(b) does not specify a state of mind; thus, pursuant to HRS § 702-204, the requisite state of mind necessary to convict a person of the offense proscribed by HRS § 134-7(b) is established if the accused owns, possesses, or controls a firearm or ammunition intentionally, knowingly, or recklessly.

3

Here, Kiaha stipulated to the fact that he was previously convicted of a felony. In addition, Kiaha points to no evidence that he did not intentionally, knowingly, or recklessly possess a firearm (Count 2) and ammunition (Count 3). On the contrary, Kiaha testified that he got a gun and ammunition from Mana Bagio (**Bagio**) and stored it in his car. There is no dispute that Kiaha knowingly possessed a gun and ammunition.

Kiaha's argument is, rather, that he had a mistaken belief that he could possess a firearm and ammunition if his purpose was to turn it in to the police as evidence, as part of his confidential informant activity. However, a mistaken belief that he could possess a firearm and ammunition does not negative the state of mind required to establish, pursuant to HRS § 702-218, an element of the offense of Felon in Possession. Thus, Kiaha was not entitled to a mistake of fact instruction. We conclude, therefore, the Circuit Court did not err in declining to give a mistake of fact instruction.

(2) HRS § 134-11(a) provides exemptions to, *inter alia*, the application of HRS § 134-7(b) to specified individuals under certain circumstances. HRS § 134-11(a) states, in relevant part:

> **§ 134-11 Exemptions.** (a) Sections 134-7 to 134-9 and 134-21 to 134-27, except section 134-7(f), shall not apply:
> . . . .
> (4) To persons employed by the State, or subdivisions thereof, or the United States while in the performance of their respective duties or while going to and from their respective places of duty if those duties require them to be armed[.]

Kiaha argues that he was entitled to an instruction regarding this exemption because he was "employed" by the State,

or a subdivision thereof, as a confidential informant and was compensated by the police for his work. As the State argues, however, the statute only exempts the specified persons if they are "in the performance of their respective duties or while going to and from their respective places of duty **if those duties require them to be armed**[.]" HRS § 134-11(a)(4) (emphasis added). There was no evidence adduced at trial showing that Kiaha's "duties" as a confidential informant required him to be armed, regardless of whether he could be considered as employed by the police. Accordingly, we conclude that the Circuit Court did not err in declining to instruct the jury regarding the HRS § 134-11(a) exemption.

(3) HRS § 702-237 states, in relevant part:

**§ 702-237 Entrapment.** (1) In any prosecution, it is an affirmative defense that the defendant engaged in the prohibited conduct or caused the prohibited result because the defendant was induced or encouraged to do so by a law enforcement officer, or by a person acting in cooperation with a law enforcement officer, who, for the purpose of obtaining evidence of the commission of an offense, either:

(a) Knowingly made false representations designed to induce the belief that such conduct or result was not prohibited; or
(b) Employed methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it.

There was scant evidence adduced at trial that a law enforcement officer, or a person acting in cooperation with a law enforcement officer, knowingly made false representations designed to induce Kiaha's belief that his possession of a firearm or ammunition was not prohibited, as stated in HRS § 702-237(1)(a). More clearly, however, there was evidence that would support the consideration of the entrapment defense stated in HRS § 702-237(1)(b), *i.e.*, that a law enforcement officer, or a

person acting in cooperation with a law enforcement officer, employed methods of persuasion or inducement which created a substantial risk that an offense would be committed by Kiaha, as a person who was not otherwise ready to commit the offense.

At trial, Kiaha testified that members of the Honolulu Police Department (HPD) told him to "get close to" and "befriend" suspects, and if suspects "committed any crimes while in my presence or while I'm there, then to retrieve some form of evidence that can link this person to the actual crime." Kiaha testified that he "got paid" for turning in evidence. Officer Hayes Marumoto testified that Kiaha was asked to assist with the investigation of firearm offenses, the goal of which is to obtain the firearm. Kiaha testified that Officer Donald Marumoto asked Kiaha to help make a case against Bagio, the person from whom Kiaha obtained the firearm and ammunition.

Kiaha testified that there was a time he turned in a gun to Officer Donald Marumoto and another HPD officer he knew as "Taz." Kiaha testified that the officers were "happy" and "glad" that Kiaha turned the gun in, said thank you, and "seemed pleased." Kiaha testified that he was given money in compensation for turning in the gun. Kiaha testified that he was not told by the officers to not turn in the gun. Kiaha testified that he thought the officers, by complimenting his work, authorized him to handle a firearm if he was going to turn it in as evidence.

Kiaha testified that he had the firearm and ammunition so he "could turn them in to HPD and get some kind of

compensation for it." Kiaha testified that he believed he could do this because he "had done so before" and "was told to do that, that it was okay." Kiaha testified that he could not have just dropped off the gun at the Kaneohe Police Station after he obtained the gun because he "was instructed to only deal with the crime reduction unit." Kiaha's testimony sufficiently invokes the proposition that police officers used methods of persuasion or inducement that create a substantial risk that a Felon in Possession offense would be committed by Kiaha, when he was not otherwise ready to commit it, entitling Kiaha to an instruction based on HRS § 702-237(b). In addition, Kiaha's testimony that, in reference to his retrieval of a weapon or ammunition "was told to do that, that it was okay," entitled Kiaha to an instruction based on HRS § 702-237(b).

As noted above, "a defendant is entitled to an instruction on <u>every</u> defense or theory of defense having any support in the evidence[.]" <u>Locquiao</u>, 100 Hawai'i at 205, 58 P.3d at 1252 (emphasis added). Kiaha specifically requested entrapment instructions. There was evidence to support such an instruction. The Circuit Court thus erred in refusing to give an entrapment defense instruction.

The State argues that, even if an entrapment instruction was warranted, the error is harmless because the Circuit Court instructed the jury on the execution of public duty defense, as follows:

> Execution of public duty is a defense to the charges of Ownership or Possession Prohibited of Any Firearm by a Person Convicted of Certain Crimes, Ownership or Possession Prohibited of Any Ammunition for a Firearm by a Person

> Convicted of Certain Crimes, and Place to Keep Pistol or Revolver. The burden is on the prosecution to prove beyond a reasonable doubt that the Defendant's conduct was not justified. If the prosecution does not meet its burden, then you must find the Defendant not guilty.
>     Conduct is justifiable when the person reasonably believes his conduct to be required or authorized to assist a public officer in the performance of the officer's duties.

However, the public duty defense and entrapment defense are not the same. Pursuant to HRS § 703-303 (2014), the public duty instruction stated that a person's "[c]onduct is justifiable when <u>the person reasonably believes</u> his conduct to be required or authorized to assist a public officer in the performance of the officer's duties." (Emphasis added). Thus, to establish a public duty defense, the defendant has the burden to show not only his belief, but that his belief was reasonable. The entrapment defense, however, does not require the defendant's belief to be reasonable. Instead, the defense is based on the conduct of the law enforcement officer – whether an officer knowingly made certain false representations or whether an officer employed certain methods that created a substantial risk of a crime that would not otherwise have been committed, as set forth above. HRS § 702-237. Accordingly, we reject the State's argument that the jury's rejection of the public duty defense renders harmless the Circuit Court's failure to give an entrapment instruction.

Therefore, the Circuit Court's February 3, 2016 Judgment is vacated and this case is remanded to the Circuit Court for a new trial.

DATED: Honolulu, Hawai'i, May 30, 2017.

On the briefs:

Keith S. Shigetomi,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge